## WHITAKER-GLESSNER CO. v. STRICK et.

Ohio Appeals, 6th Dist., Lucas Co.

**1010. REFEREES—148. Bills of Exceptions—313. Corporations—587. Guaranty—1063. Sale.**

Ritter & Brumback, Toledo, for Whitaker Co.

Boggs & Doty and F. M. Sala, Toledo, for Strick et.

WILLIAMS, J.

1. Order by court of Common Pleas, referring contest over guaranty with consent of parties, and ordering written report from referee of testimony with findings and conclusions, held to make him "statutory referee" under Sect. 11475 et seq., GC.

2. It is not necessary to sign and file a bill of exceptions to a referee's findings and report, in order to present alleged errors in the Court of Appeals, where the referee has been appointed to determine the issues and report to the Common Pleas Court the testimony with his findings of fact and conclusions of law and his report and the final judgment thereon in the Court of Common Pleas show he has complied with the order appointing him.

3. New company, incorporated to take over assets of old company and, as consideration, to assume the debts of the old company, held its "succesesor," within meaning of sales contract with the old company, "its successors and assigns," and liable to pay for cans delivered, received, and retained by it.

4. New company, incorporated to take over all the assets of old company in consideration of payment of the old company's indebtedness, held the old company's successor" within the meaning of a guaranty contract, guaranteeing payment for cans sold to the old company, "its successors and assigns."

5. Guarantors held liable under contract guaranteeing payment for the sale of cans, notwithstanding that the sales contract was for a three year term which was a longer time than the term of office of the buying company's manager, who entered into the contract without the approval of the board of directors.

6. Company receiving cans delivered and retaining them under such circumstances as would amount to an acceptance held liable for their price, whether or not they were size ordered.

7. Under Section 11478 GC., providing trial before referee is to be conducted as if by the court, and Section 11479, providing for review of referee's decision and that their report shall stand as the decision of the court, where the record of proceedings before the referee was free from prejudicial error, it was error to set aside the referee's findings and enter a contrary judgment.

(Richards and Lloyd. JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

# THE OMNIBUS INDEX

★These cases will appear in the official volumes, as indicated, with slight changes in the paging.

Bear v. Bear. OA. 6 Abs. 106.

Belpash v. Emerine. (See reverse). Dock. 6 Abs. 109; No. 20948.

Breuer v. P. U. C. Dock. 5 Abs. 506; No. 20673; aff. 6 Abs. 93; OS. 6 Abs. 110.

Buckeye Stages, Inc. v. P. U. C. Dock. 5 Abs. 588; No. 20738; aff. 5 Abs. 823; OS. 6 Abs. 46; 117 OS. 265★.

Bucurenciu v. Ramba. OS. P. 5 Abs. 571; 117 OS. 255★.

Charpiot v. State ex Scott. Dock. 6 Abs. 109; No. 20949.

Cincinnati, Sand'y. & Cleve. Ry. Co. v. Aiken. Dock. 6 Abs. 109; No. 20951.

Clark Restaurant Co. v. Simmons. Dock. 6 Abs. 45; No. 20909; mo. cer. ov. 6 Abs. 109.

Cleveland Ry. Co. v. MacGilfrey. OA. 6 Abs. 74; dock. 6 Abs. 61; No. 20923; mo. cer. al. 6 Abs. 109.

Emerine v. Belpash et. (See reverse). OA. 4 Abs. 797; 23 Oh. Ap. 186★.

Falls Sav. & Loan Assn. v. Brumit et. OA. 6 Abs. 39. See correction, 6 Abs. 112.

Forkapa Realty Co. v. Brandt Co. OA. 6 Abs. 107.

Gould v. Gerken. Dock. 6 Abs. 45; No. 20912; mo. cer. ov. 6 Abs. 109.

Graves et v. Hills. (See reverse). Dock. 6 Abs. 29; No. 20887; mo. cer. ov. 6 Abs. 77.

Hile v. Cleveland (City) et. Dock. 5 Abs. 360; No. 20557; mo. cer. ov. 5 Abs. 400; OA. 5 Abs. 324; dock. 5 Abs. 471; No. 20530; aff. 6 Abs. 109.

Hills v. Graves. (See reverse). OA. 5 Abs. 744; 25 Oh. Ap. 318★.

Hornback et v. Sabin Robbins Paper Co. Dock. 6 Abs. 45; No. 20920; mo. cer. ov. 6 Abs. 109.

Huntington, Guard. v. Globe Ind. Co. OA. 6 Abs. 99.

Jenks et v. State ex Hirsch et. Dock. 6 Abs. 45; No. 20916; mo. cer. ov. 6 Abs. 109.

Johnson v. Tipling. OA. 6 Abs. 99.

Kentucky Cent. Life & Ac. Ins. Co. v. Walton. Dock. 6 Abs. 109; No. 20944.

Kirk et v. Kirk. Dock. 6 Abs. 109; No. 20942.

Klein-Heffelman-Zollars, Inc. v. Allison. Dock. 6 Abs. 109; No. 20945.

Kuttler v. Hurwitz. Dock. 6 Abs. 45; No. 20918; mo. cer. ov. 6 Abs. 109.

Langeheim v. Indust. Com. OA. 6 Abs. 111; dock. 5 Abs. 506; No. 20674; mo. cer. ov. 5 Abs. 765; 25 Oh. Ap. 220★.

Link etc. v. Hill. Dock. 6 Abs. 198; No. 20413; mo. cer. al. 5 Abs. 301; rev. 5 Abs. 823; 117 OS. 260★.

Lupico v. State. OA. 6 Abs. 111; 25 Oh. Ap. 204★.

Met. Life Ins. Co. v. Contie. Dock. 6 Abs. 29; No. 20895; mo. cer. al. 6 Abs. 77; pet. er. fi. 6 Abs. 109.

Miller, Admr. v. March. OA. 6 Abs. 102.

Moore et v. Clark et. Dock. 6 Abs. 45; No. 20919; mo. cer. ov. 6 Abs. 109.

N. Y. C. & St. L. R. R. Co. v. Granfell. Dock. 6 Abs. 45; No. 20913; mo. cer. ov. 6 Abs. 109.

Norfolk & West. Ry. Co. v. Rader. OA. 6 Abs. 105.

Ohio Sav. & Tr. Co. v. Schneider. (See reverse). OA. 6 Abs. 110; 25 Oh. Ap. 235★.

Piesekar v. Eschuk. OA. 5 Abs. 107.

Reynolds v. Hart. Dock. 6 Abs. 109; No. 20946.

Rowe v. Cincinnati (City). OA. 5 Abs. 243; dock. 5 Abs. 269; No. 20455; pet. in er. dis. 5 Abs. 781; mo. cer. ov. 5 Abs. 823; 25 Oh. Ap. 315★; 117 OS. 198★.

Schneider et v. Ohio Sav. & Tr. Co. (See reverse). Dock. 5 Abs. 378; No. 20575; mo. cer. ov. 5 Abs. 420.

Sherwin-Williams Co. v. Glenn Paint & Wall Paper Co. OA. 6 Abs. 101.

Solomon v. Wakem. Dock. 5 Abs. 815; No. 20854; mo. cer. ov. 6 Abs. 109.

Statler & Essex Coal Co. v. Peoples et. Dock. 6 Abs. 109; No. 20947.

State v. Axe. Dock. 6 Abs. 77; No. 20925; mo. lv. fi. bl. exc. al. 6 Abs. 109.

State ex. Haag v. Harkrader et. Dock. 6 Abs. 109; No. 20943.

State v. Ruskin. Dock. 5 Abs. 269; No. 20452; mo. lv. file pet. in er. al. 5 Abs. 301; App. rev. CP. af. 5 Abs. 823; 117 OS. 247★.

State ex Jones v. Zangerle. Dock. 5 Abs. 669; No. 20667; demur. to pet. ov. and writ all. 5 Abs. 823; 117 OS. 270★.

Tari v. State. Dock. 5 Abs. 344; No. 20540; mo. cer. al. 5 Abs. 419; aff. 5 Abs. 823; 117 OS. 274★.

Tax Comm. v. Security Sav. Bk. & Tr. Co. OA. 5 Abs. 483; dock. 5 Abs. 153; No. 20356; mo. cer. al. 5 Abs. 199; rev. 5 Abs. 823; 117 OS. 241★.

Theobald et v. Fayette Co. Comrs. Dock. 6 Abs. 109; No. 20950; pet. er. fi. 6 Abs. 109.

Tyler Co. v. Rebic. Dock. 6 Abs. 77; No. 20901; mo. cer. al. 6 Abs. 77; pet. er. fi. 6 Abs. 109.

Western Res. Steel Co. et v. Village of Cuyahoga Hts. et. Dock. 6 Abs. 45; No. 20911; mo. cer. al. 6 Abs. 109.

Whitaker-Glessner Co. v. Strick, Admr. OA. 6 Abs. 111; dock. 5 Abs. 344; No. 20540; mo. cer. ov. 5 Abs. 419; 25 Oh. Ap. 178★.

Yellow Cab Co. v. Hotel Hollenden Co. OA. 5 Abs. 713; 25 Oh. Ap. 323★.

Zydel et v. Clarkson. OA. 6 Abs. 108.

---

## A CORRECTION

FALLS SAV. & LOAN ASSN. v. BRUMIT et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1441. Decided Jan. 5, 1928.

Editor's Note: We have recently received from the Court of Appeals, ninth district, a correction for the above case, which appeared in the Ohio Law Abstract of January 21, 1928, Vol. 6, page 39. The following paragraph should be substituted for paragraph 4, commencing at line 39 in column 2 on page 39.

The contract which the law implied from the mere purchase and delivery of materials previous to June 29, 1926, was fully satisfied by the payment made under the circumstances here indicated, and the contract which the law implied from the subsequent purchase and delivery of materials was a separate and distinct contract and constituted a new account, and there being no general contract for the construction or the furnishing of materials for said building, the lien of the Lumber Co. dates from the date of the first delivery of materials furnished by it after June 29, 1926, to wit, July 2, 1926, and said lien is inferior to the lien of said mortgage of The Falls Savings & Loan Assn.